**FILED**
**Feb 23, 2021**
**11:56 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **COURTNEY LEE,** | ) | **Docket No. 2020-08-0214** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FEDERAL EXPRESS CORP.,** | ) | **State File No. 109468-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **INDEMNITY INS. CO. OF NORTH** | ) | **Judge Deana Seymour** |
| **AMERICA,** | ) | |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

---

Courtney Lee claimed injuries to her neck and low back while pulling a box at Federal Express. Federal Express authorized treatment with Dr. Frederick Wolf, who concluded that her current symptoms were not related to the work incident.

At the expedited hearing, Ms. Lee testified that she never experienced the symptoms she currently feels, and that "whatever is wrong with me happened at Fed Ex."[1] However, merely showing an incident occurred at work does not mean that incident caused her current symptoms. Rather, the law requires Ms. Lee to present sufficient medical evidence to prove the causal connection between her work incident and her current symptoms. Because she has not done so, the Court denies her requests at this time.

### History of Claim

Ms. Lee testified that she injured her neck and low back after pulling a box at work on November 2, 2019. Two days later, a nurse practitioner diagnosed neck and back

---

[1] Although Ms. Lee's request for additional benefits is unclear, the dispute certification notice identified medical and temporary disability benefits.

1

pain, muscle spasms, and a musculoskeletal strain.[2] Ms. Lee underwent conservative treatment for several weeks. Because Ms. Lee complained of increasing symptoms, the nurse practitioner referred her to an orthopedist. Federal Express offered a panel, and she chose Dr. Wolf.

Dr. Wolf treated Ms. Lee's complaints with medication, physical therapy, and restricted duty. He ordered x-rays and MRIs, which were normal, except for an incidental thyroid finding and pre-existing mild facet arthropathy. Dr. Wolf found nothing to explain Ms. Lee's complaints of arm and leg numbness. He returned her to full duty.

Ms. Lee next saw Dr. Wolf in January 2020: Ms. Lee told Dr. Wolf she reinjured her back when she returned to work. He ordered an MRI of her pelvis and thoracic spine, a repeat MRI of her lumbar spine, and an EMG nerve conduction study of both upper and lower extremities. All test results were within normal limits. Dr. Wolf did not assign restrictions.

Later in January, Dr. Wolf released Ms. Lee at maximum medical improvement due to no objective work-related findings. He noted he had nothing further to offer.

Ms. Lee disagreed with Dr. Wolf's conclusion and sought unauthorized treatment for her ongoing symptoms. She now asks that Federal Express be ordered to provide additional treatment. However, she did not request a return appointment with Dr. Wolf or submit records from any of her unauthorized providers.

Federal Express does not dispute the work incident occurred but argues that Ms. Lee's current need for treatment does not relate to it. Federal Express relies on Dr. Wolf's conclusions that Ms. Lee reached maximum improvement and does not need additional treatment. Federal Express further contends that it has provided Ms. Lee with all benefits to which she is entitled.

### Findings of Fact and Conclusions of Law

To obtain the requested relief, Ms. Lee must show that she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Ms. Lee must prove that her current condition arose primarily from work. Specifically, this means she must show "to a reasonable degree of medical certainty that the [incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C).

---

[2] Although the parties did not submit a panel, they agreed that Federal Express paid for medical treatment from November 4 to November 20.

Medical evidence is generally required to prove a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *Berdnik v. Fairfield Glade Com'ty Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10-11 (May 18, 2017). The Court finds Ms. Lee's alleged injury is not routine, and medical evidence is required to show a causal relationship. Of import, Dr. Wolf's opinion is presumed correct because Ms. Lee chose him from a panel. Tenn. Code Ann. § 50-6-102(14)(E).

The Court found Ms. Lee sincere and considered her testimony. However, the Court cannot order medical benefits based on her testimony alone, as the Court cannot make independent medical determinations without expert medical proof. *Thompson v. Comcast Corp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *31 (Jan. 30, 2018). Ms. Lee must present sufficient medical evidence that she is likely to prevail at trial regarding entitlement to additional treatment. *Arciga v. AtWork Pers. Servs.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 6, at *8-9 (Feb. 2, 2016). Ms. Lee did not present sufficient medical proof, so she is unlikely to prevail at a hearing on the merits regarding her request for additional medical treatment.

Turning now to Ms. Lee's entitlement to temporary disability benefits, she must show (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Because Ms. Lee failed to show that her current condition is work-related, she cannot meet the first or second factors above and is unlikely to prevail at a hearing on her claim for temporary disability benefits at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Lee's requested relief is denied at this time.

2. This case is set for a Scheduling Hearing on **April 19, 2021**, at **9:30** a.m. Central. You must call 615-532-9550 or toll-free at 866-943-0014 to participate. Failure to call might result in a determination of the issues without your participation.

   **ENTERED February 23, 2021.**

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**
APPENDIX

Technical Record
   1. Petition for Benefit Determination

3

2. Dispute Certification Notice
3. Request for Expedited Hearing, along with Ms. Lee's affidavit
4. Employer's Pre-Hearing Statement
5. Employer's Witness List
6. Employer's Exhibit List
7. Employer's Medical Record Designation
8. Notice of Filing of Employer's Exhibits
9. Supplemental Notice of Filing of Employer's Exhibits

Exhibits
1. Wage Statement
2. Medical records from DeSoto Family Medical
3. Medical records from OrthoSouth
4. Medical records from MidSouth Imaging and Bingham Nerve and Muscle (Collective)
5. Emails between Ms. Lee and the adjuster regarding her choice of physicians

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on February 23, 2021.

| Name | Certified Mail | Via USPS | Via Email | Service sent to: |
|---|---|---|---|---|
| Courtney Lee, Self-Represented Employee | X | X | | Courtney Lee 506 Yale Street Cleveland, MS  38732 |
| Sean Antone Hunt, Employer's Attorney | | | X | sean@thehuntfirm.com |

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*